UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DUKE SMART,**

    **Plaintiff,**

v.                                                                 **Case No.  8:06-cv-22-T-30TGW**

**BOB WILSON DODGE INC., et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Americredit Consumer Loan Corporation's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Dkt. #5-1), Plaintiff's Memorandum in Opposition to Americredit Consumer Loan Corp. Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Dkt. #14), Affidavit of James Mayer (Dkt. #15-1), Affidavit of Duke Smart (Dkt. # 16-1), Defendant Bob Wilson Dodge Inc.'s Dispositive Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and to Compel Arbitration With Incorporated Memorandum of Law (Dkt. #13), Bob Wilson Dodge Inc. Defendant's Memorandum of Law In Support of Motion to Dismiss (Dkt. #17), and Plaintiff's Memorandum in Opposition to  Bob Wilson Dodge Inc. Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. #12).

### Background

This action arises out of the purchase of a motor vehicle.  On May 16, 2005, Plaintiff purchased a 2005 Dodge Magnum from Defendant, Bob Wilson Dodge, Inc. ("Bob Wilson

Dodge") pursuant to a Retail Sales Order and a Consumer Credit Contract. Plaintiff has alleged violations of the Truth In Lending Act, the Federal Debt Collection Practices Act, the Florida Consumer Collection Practices Act and the Florida Unfair and Deceptive Trade Practices Act relating to Plaintiff's purchase of the Dodge Magnum.

Defendants, Americredit Consumer Loan Corp. ("Americredit") and Bob Wilson Dodge, filed motions to dismiss Plaintiff's Complaint arguing that this Court lacks subject matter jurisdiction over this case because there is a binding arbitration agreement between the parties. The Retail Sales Order (Dkt. #5-2) states, in pertinent part:

> Dealer and Purchaser agree that for any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order or the parties' relationship (whether statutory or otherwise and irrespective of whether the Financing Approvals were obtained): (a) the parties agree to submit to binding arbitration with the American Arbitration Association (and even if this Arbitration provision is not enforceable or is challenged, trial by jury is irrevocably waived); (b) Venue and jurisdiction shall lie exclusively in Hillsborough County, Florida; (c) Liability, if any, by way of "Strict Liability" is expressly excluded; and (d) Purchaser shall not be entitled to recover from Dealer any special damages, consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages, including but not limited to vehicle rental charges.

The arbitration provision is located under the heading of "ACKNOWLEDGEMENTS" and is located in the paragraph immediately above the Plaintiff's signature.

Plaintiff argues that the arbitration provision should not be enforced by this Court on the following grounds: (1) the arbitration provision is procedurally and substantively unconscionable; and (2) the cost of arbitration would prohibit Plaintiff from vindicating his claims.

**I.      Court's Determination As To Whether A Dispute Is Subject to Arbitration.**

Arbitration clauses should be interpreted according to ordinary state-law rules of contract construction. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In determining whether a dispute is subject to arbitration, Florida courts consider at least three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Stacy David, Inc. v. Consuegra*, 845 So. 2d 303, 306 (Fla. 2d DCA 2003); *see Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). It is now an axiom of federal and Florida law that written agreements to arbitrate are binding and enforceable, and that in the absence of waiver a court must compel arbitration when an arbitration agreement and an arbitrable issue exist. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Public policy favors arbitration as an efficient means of settling disputes, because it avoids the delays and expenses of litigation. *Bill Heard Chevrolet Corp., Orlando v. Wilson*, 877 So. 2d 15, 18 (Fla. 5th DCA 2004). In view of that public policy, all questions concerning the scope or waiver of the right to arbitrate should be resolved in favor of arbitration rather than against it. *See Bill Heard Chevrolet* at 18.

This Court concludes that a valid written agreement to arbitrate exists and that the causes of action brought by Plaintiff in the Complaint are arbitrable issues.[1] Further, it does

---

[1] *See Micronair, Inc. v. City of Winter Haven*, 800 So. 2d 622 (Fla. 2d DCA 2001); *see also Seifert*, 750 So. 2d 633.

not appear that the right to arbitration has been waived.  Accordingly, the claims brought in Plaintiff's Complaint are subject to arbitration.

## II.     Arbitration Provision Is Not Unconscionable.

In order to invalidate an arbitration clause as unconscionable, the court must find that the clause is both procedurally and substantively unconscionable.  *See Chapman v. King Motor Co. Of South Florida.*, 833 So. 2d 820, 821 (Fla. 4th DCA 2002).  A trial court's decision regarding the validity of an arbitration clause is a matter of contract interpretation. *See id.*

### A.     Procedural Unconscionability.

Procedural unconscionability relates to the manner in which the contract was entered and involves such issues as "the relative bargaining power of the parties and their ability to know and understand the disputed contract terms."  *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999).  The arbitration provision at issue is located directly above the Plaintiff's signature, under a bold, capitalized heading entitled "ACKNOWLEDGEMENTS." While the arbitration provision itself is not in large uppercase writing, it is in the same sized print as the majority of other provisions contained within the agreement.  Additionally, the intent of the parties' to arbitrate the claim asserted in Plaintiff's lawsuit is expressed in unambiguous language.  The parties agreed to arbitrate "any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order or the parties' relationship (whether statutory or otherwise and irrespective of whether the Financing Approvals were obtained)."

For these reasons, the Court concludes that the arbitration provision contained within the Retail Sales Order is not procedurally unconscionable.

### B.  Substantive Unconscionability.

Substantive unconscionability focuses on the actual agreement and whether the terms are unreasonable and unfair. *Powertel* at 574.

The arbitration clause in this case does not appear to limit the relief available through arbitration. Therefore, arbitrators will be free to enter an award having an injunctive or declaratory component to it.

The only limitations mentioned in the Retail Sales Order relate to limitations in damages. In the Retail Sales Order, Plaintiff agreed that he was not entitled to the following damages: special damages, consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages, including but not limited to vehicle rental charges. In the Complaint, Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, punitive damages, and equitable relief. Therefore, Plaintiff's requested damages are unaffected by the limitations of damages clause contained within the Retail Sales Order.

For these reasons, the Court concludes that the arbitration provision contained within the Retail Sales Order is not substantively unconscionable.

### III.   Financial Status of Party Does Not Invalidate Arbitration Provision.

Plaintiff argues that the cost of arbitrating this case would be too expensive for Plaintiff; and therefore, Plaintiff will be unable to fully vindicate his claims. Plaintiff argues

that the filing fee for a case exceeding $75,000.00 would be $1,800.00, the case service fee would be $750.00, and the average rate for an arbitrator would be $1,200.00 to $1,600.00 a day (this fee is usually split evenly between the parties). Plaintiff has filed an affidavit stating, in pertinent part: Plaintiff is currently unemployed; Plaintiff currently has no income; Plaintiff does not have $1,800.00 for an arbitration filing fee, $750.00 for a case service fee, or $600.00 for a daily arbitrator fee; Plaintiff has retained his lawyer based on a contingency fee agreement, because he cannot afford to pay in advance for legal fees and costs; and, if required to proceed to arbitration, Plaintiff will be forced to abandon his claim, because he cannot afford to pay arbitration fees.

  A.  **Federal Court's Consideration of Financial Status.**

In *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), the Supreme Court recognized, "It may be that an agreement to arbitrate is unenforceable if the cost of arbitration precludes the effective vindication of statutory rights in arbitration." *Green Tree*, 531 U.S. 79, 90. However, where, as here, the arbitration agreement is silent on the subject of who is responsible for paying arbitration costs, that fact alone is plainly insufficient to render it unenforceable. *See Green Tree* at 91. The risk that Plaintiff will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement. *See id.*

Moreover, the Eleventh Circuit has concluded that where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Anders v.*

*Hometown Mortgage Services, Inc.*, 346 F. 3d 1024 (11th Cir. 2003).  In the attempt to meet such burden, the plaintiff in *Anders* submitted an affidavit in which he said: "I simply cannot afford to pay the $3,500.00 to $6,000.00 that I have determined will be required to arbitrate my claims," and substantiated his inability to do so by detailing his assets, debts, income, and expenses.  *Anders*, 346 F. 3d 1024, 1028.  The Eleventh Circuit decided that the plaintiff's affidavit was not enough.  *See id.*

Additionally, in *Anders*, the Eleventh Circuit noted that the arbitration agreement between the parties provided that arbitration would be in accordance with the American Rules for Commercial Financial Disputes and that those rules specify that "the AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees." *Id.*

Similarly, in this case, Plaintiff has filed affidavits is support of his argument in opposition to Defendant's motion to compel stating that he will be unable to afford the costs of arbitration.  Also, the arbitration provision between Plaintiff and Bob Wilson Dodge directed the parties to submit to binding arbitration with the American Arbitration Association ("AAA").  Rule 49 of the AAA Commercial Arbitration Rules and Mediation Procedures provides:

> As a not-for-profit organization, the AAA shall prescribe an initial filing fee and a case service fee to compensate it for the cost of providing administrative services.  The fees in effect when the fee or charge is incurred shall be applicable.  The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award.  <u>The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees</u>. (Emphasis added.)

Thus, it is entirely possible that the AAA may reduce or defer Plaintiff's administrative fees in the event this case is arbitrated. Further, there is nothing in the record to show that the expense of arbitration will be greater than the expense of litigating the issues or would prevent Plaintiff from vindicating his statutory rights.

### B.     Florida Court's Consideration of Financial Status.

Florida courts are without authority to ignore the parties' agreement to arbitrate merely because of a party's financial circumstances. *See North American Van Lines v. Collyer*, 616 So. 2d 177 (Fla. 5th DCA 1993). Given a clear and unambiguous agreement to arbitrate, it is simply against general contract principles to permit a party to avoid this aspect of their contractual bargain. *See id.* A court is not empowered to rewrite a clear and unambiguous provision, nor should it attempt to make an otherwise valid contract more reasonable for one of the parties. *Id.* Moreover, unexpected difficulty or expense will not excuse a party to a contract from performance. *Id.*

Accordingly, the Court concludes that Plaintiff's asserted inability to afford arbitration does not invalidate the enforceability of the arbitration provision contained in the Retail Sales Order. Further, it appears that the AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

It is therefore ORDERED AND ADJUDGED that:

1.	Defendant Americredit Consumer Loan Corporation's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Dkt. #5-1) is GRANTED IN PART AND DENIED IN PART as stated herein.

2.	Defendant Bob Wilson Dodge Inc.'s Dispositive Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and to Compel Arbitration With Incorporated Memorandum of Law (Dkt. #13) is GRANTED IN PART AND DENIED IN PART as stated herein.

3.	The parties are directed to arbitrate this action and to notify the Court when arbitration is completed.

4.	This cause is STAYED pending arbitration. The Court will retain jurisdiction to enforce the arbitration award, if any.

5.	The clerk is directed to administratively close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-22.mot dismiss and compel arbitration.wpd