**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DUKE SMART,**

      **Plaintiff,**

**v.**                                                                 **Case No.  8:06-cv-22-T-30TGW**

**BOB WILSON DODGE INC.,**
**AMERICREDIT CONSUMER LOAN**
**CORPORATION, A-EXPERT RECOVERY,**
**INC., KENNETH MACKENZIE JR.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants A-Expert Recovery, Inc. and

Kenneth MacKenzie, Jr.'s Motion to Join Arbitration With All Other Co-Defendants and

Memorandum of Law in Support (Dkt. #40), and Plaintiff's Memorandum of Law in

Opposition to Defendants A-Expert Recovery and Kenneth MacKenzie Jr.'s Motion to Join

Arbitration (Dkt. #42).  The Court, having considered the motion, response, memoranda,

complaint, and being otherwise advised in the premises, finds that Defendants' motion

should be granted.

**Background**

On April 19, 2006, the Court entered an Order directing Plaintiff and Co-Defendants,

Bob Wilson Dodge Inc. ("Bob Wilson Dodge") and Americredit Consumer Loan

Corporation ("Americredit"), to arbitrate this action.  On September 22, 2006, Plaintiff

served Defendants A-Expert Recovery, Inc. ("A-Expert") and Kenneth MacKenzie, Jr.

("MacKenzie") with the Summons and Complaint.  A-Expert and MacKenzie assert that,

although neither was a signatory to the Retail Sales Order or Consumer Credit Contract

between Bob Wilson Dodge, Americredit and Plaintiff, the issues pertaining to A-Expert and

MacKenzie arise out of the same transaction and occurrence that is the subject matter of the

complaint that was transferred to arbitration.  Additionally, A-Expert and MacKenzie assert

that the remaining claims in the complaint (Counts III and IV) are being brought against all

named Defendants (Bob Wilson Dodge, Americredit, A-Expert and MacKenzie), thus the

discovery that will be conducted in the arbitral forum will involve the same documents,

witnesses, and parties.  Finally, A-Expert and MacKenzie point out that Paragraphs 28 and

29 of Plaintiff's Complaint alleges that:

> 28.   Americredit retained as its agent A-Expert Recovery Inc. who attempted to recover the vehicle using the name "Bill Collector" and did not use the name Americredit.
> 29.   In the course of collecting the debt MacKenzie threatened:
>> A.   To shoot the plaintiff.
>> B.   To break into his home to get the vehicle.
>> C.   To report him to appropriate authorities because his failure to turn over the property was a criminal offense and that the Plaintiff would go to prison.
>> D.   Had called the Plaintiff at 10pm, 1am, 12am and 11pm attempting to obtain recovery of the vehicle.

Paragraphs 28 and 29 are incorporated by reference into Counts III and IV.  Thus, Plaintiff

alleges interdependent and concerted misconduct on the part of Americredit, A-Expert and

MacKenzie in all the remaining counts in the complaint.

**Analysis**

"Although arbitration is a contractual right that is generally predicated on an express decision to waive the right to trial in a judicial forum, this court has held that the lack of a written arbitration agreement is not an impediment to arbitration." Sunkist Soft Drinks, Inc. V. Sunkist Growers, Inc., 10 F.3d 753, 756-57 (11th Cir. 1993). "There are certain limited exceptions, such as equitable estoppel, that allow nonsignatories to a contract to compel arbitration." MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999), citing Sunkist at 757. A second exception exists when, under agency or related principles, the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided. MS Dealer at 947, citing Boyd v. Homes of Legend, Inc., 981 F.Supp. 1423, 1432 (M.D. Ala. 1997).[1] Application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Id. at 947.

The arbitration clause at issue states, in pertinent part: "...for any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order or the parties' relationship (whether statutory or otherwise and irrespective of whether the Financing Approvals were obtained): (a) the parties agree to submit to binding

---

[1] The Court notes that Plaintiff cited MS Dealer and Boyd in its memorandum in opposition to Defendants' motion to join arbitration, such cases support Defendants' arguments.

arbitration with the American Arbitration Association..."  Pursuant to this language, the Court concludes that Plaintiff's claims against A-Expert and MacKenzie fall within the broad language of the arbitration clause.  Moreover, it is clear that Plaintiff's claims against A-Expert and MacKenzie are based on the same facts and circumstances as those brought against Co-Defendants Bob Wilson Dodge and Americredit, and therefore, such claims assert interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.

Accordingly, the Court concludes that Defendants A-Expert and MacKenzie's request to join the arbitration proceedings between Plaintiff and Co-Defendants Bob Wilson Dodge and Americredit should be granted.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants A-Expert Recovery, Inc. and Kenneth MacKenzie, Jr.'s Motion to Join Arbitration With All Other Co-Defendants and Memorandum of Law in Support (Dkt. #40) is GRANTED.

2.      All parties are directed to arbitrate this action and to notify the Court when arbitration is completed.

3.      This case is STAYED pending arbitration.  The Court retains jurisdiction to enforce the arbitration award, if any.

4.      The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 29, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-22.nonsig invoke arbitrat 40.wpd